JOSEPH M. GARDNER, plaintiff in error, *vs.* WILLIAM J. WEEKS, defendant in error.

1. Where a testator bequeathed money to his married sister, for her sole and separate use during her life, remainder to her children, and there was nothing in the will showing an intention or desire on the part of the testator that the legacy should be held by the executor as trustee : *Held*, that upon a bill filed by the husband of the usee for life, showing his appointment as trustee, it is legal and proper for a Court of Equity to decree the payment and delivery of the legacy to him as trustee, upon such just and equitable terms as shall make the estate secure in his hands.

Bill in equity, in Talbot Superior Court, and decision on demurrer, by Judge WORRILL, at the March Term, 1861.

On the 9th of January, 1859, John H. Weeks made a will in due form of law, which, after his death, was regularly proved and admitted to record, and letters testamentary issued to William J. Weeks, the executor named in the will.

By the 3d item of the will the testator gave to his sister, Martha Gardner, $5,000 00, for her sole and separate use, so that the same should not, in any manner, be subject to the debts or contracts of her present, or any future husband, and at her death the same to be equally divided among her children, and representatives of children.    By the 10th item of the will, the testator gave to his two sisters, Martha Gardner and Mary C. Weèms, all the balance of his property, after paying all his just debts and the specific legacies bequeathed

in the will, upon the express condition that they and each of them receive and have all the property bequeathed to them in the will only during their natural life, for their sole use and benefit, so that no part thereof shall be in any manner liable for the debts or contracts of their present or future husbands, and at their death the same to be equally divided among their children. At the death of the testator, Mrs. Gardner was the mother of three living children, namely, Thomas Gardner, Anna Gardner, and Williamina Gardner. The specific legacy of $5,000 00, and one half of the residuum of the estate bequeathed to Mrs. Gardner, amounted to about $20,000 00.

On the 27th of June, 1859, Joseph M. Gardner, the husband of Martha Gardner, and the father of her said children, all of whom resided in the county of Clay, applied for and obtained from Hon. David Kiddoo, Judge of the Pataula Circuit, which includes the county of Clay, the appointment of trustee for his wife and children, of the property bequeathed as aforesaid. Mrs. Gardner freely and voluntarily joined in the application of her husband to be thus appointed trustee.

After the appointment, Joseph M. Gardner applied to William J. Weeks, the executor, and demanded payment to him of the legacies given by the testator to his wife and children, but the executor refused to pay the legacies to him, alleging that the said Gardner had no authority to receive the same, and that he, the executor, was bound to hold and keep the principal of said legacies in his own hands during the life of Mrs. Gardner, and to pay the same to her children at her death, as provided in the will.

Joseph M. Gardner then filed his bill in Talbot Superior Court, against the said executor, setting forth the facts aforesaid, exhibiting evidence of appointment as trustee, and praying that the executor be decreed to pay the legacies to him upon such terms as the Court, in the exercise of a sound discretion, might see proper to impose, with which terms, he avowed in his bill, his readiness and willingness to comply.

The defendant demurred to the bill for want of equity,

and after argument, the presiding Judge sustained the demurrer and dismissed the bill, and that ruling is the error complained of.

L. B. SMITH, for plaintiff in error.

MARION BETHUNE, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

The demurrer to the bill of plaintiff in error was upon the ground, that there is no equity in the bill, and that under the law, and the will of John H. Weeks, complainant is not entitled to the relief sought.

The property embraced in the bequests consists of shares and money.

The bequests are to the testator's sister (Martha) for life, to her sole, separate use, with remainder to her children.

1. There is no trustee named in the will, and hence the executor insists, that the trust devolves upon him to appropriate the income to the sole and separate use of the said Martha during her life, and to preserve the corpus to be divided among her children, upon her death. It is true, that were this property to remain in the hands of the executor, a Court of Equity would hold him responsible as trustee, just as it would the husband of the usee for life, should it pass into his hands without any special apppointment as trustee.

But this is a case in which the testator has created, in point of fact, a trust without appointing a trustee.

Every executor is, in one sense, a trustee for creditors, legatees and devisees. Equity raises this trust, from the duties imposed by the terms of the will; but these duties are to pay the debts and legacies and turn over the property bequeathed or devised, and upon the performance of them, the trust ceases. Unless so expressed, an executor is not a continuing trustee. In this case, there are no words in the will indicating that the executor should hold the property in trust, after the estate shall have been prepared for final dis-

tribution, and yet there is a manifest propriety, if not a necessity, for the office of trustee.

2. Under these circumstances, the husband of the usee for life has applied to a Court of competent jurisdiction, and procured, with the assent of his wife, the appointment of himself as trustee, to carry into effect the intentions of the testator. In that character he files his bill in the Court having jurisdiction against the executor, setting forth the facts of the case, exhibiting the evidence of his appoinment, praying that the executor be compelled to deliver the property to him, and offering to submit to such reasonable terms and conditions as the Court may, by its decree, impose. The Court may enquire into his fitness for the office of trustee— may, in the exercise of a sound discretion, require him to enter into bond, with security for the faithful execution of the trust.

Under these circumstances, we think, that upon satisfying the Court that the estate will be safe in his hands, and the intention of the testator carried into effect, he is entitled to a decree for the property. The demurrer should have been overruled

Let the judgment be reversed.